```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT


DUANE DINGLER                        :
                                     :
        Plaintiff,                   :
                                     :
        v.                           :   File No. 1:06-CV-181
                                     :
UNITED STATES OF AMERICA             :
and THYSSENKRUPP ELEVATOR            :
CORPORATION,                         :
                                     :
        Defendants.                  :
_____      :
```

RULING ON DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
(Papers 33, 34)

I.  Introduction

Plaintiff Duane Dingler brought this action against the United States and ThyssenKrupp Elevator Corporation[1] following an incident in which an elevator closed on Dingler's arm, allegedly causing severe and permanent injury.  Defendant United States moves to dismiss the complaint, or in the alternative for summary judgment, arguing lack of subject matter jurisdiction.  Specifically, the government argues that both the discretionary function and independent contractor exceptions to the Federal Tort Claims Act ("FTCA") bar Plaintiff's suit.  The motion is unopposed.

---

[1] Counsel for defendant ThyssenKrupp informed the Court that it has settled with plaintiff; however, no stipulation has been filed.

For the reasons set forth below, the motion to dismiss is granted.

II.  Factual Background

Plaintiff alleges that on February 10, 2003, an elevator in the Federal Building in Burlington, Vermont closed rapidly and unexpectedly on his right arm, causing severe and permanent injury.  Am. Compl. ¶ 12.  The General Services Administration ("GSA") owned the building and had entered into a contract, which was in force on February 10, 2003, with Automatic Temperature Control Corporation ("ATCC") requiring ATCC to "inspect, maintain, repair, test, and clean" the elevators, Maffeo Decl. ¶ 6, to "provide all labor, engineering, tools, transportation, services, supervision, materials and equipment" required, id. ¶ 5, and to "use competent personnel, acceptable to the Government, employed and supervised by the Contractor," id. ¶ 7.  ATCC subcontracted with ThyssenKrupp to provide the above services.  Id. ¶ 3.  Plaintiff alleges that the GSA, as owner, was responsible for the safe condition of the building and ThyssenKrupp, pursuant to a written contract, "was responsible for the maintenance and safe operation of the elevators at the Federal Building."  Am. Compl. ¶¶ 9-11.  Plaintiff alleges that the GSA was negligent because it knew that the elevators were "trouble-prone and dangerous," posing an unreasonable risk of harm, and the GSA failed to keep the building free from unreasonable risks, breaching its duty to Plaintiff and resulting

in his injury.  Id. ¶¶ 15-19.  Plaintiff filed an administrative claim with the GSA which was denied.  Id. ¶ 5.  In this suit, Plaintiff seeks compensatory damages, prejudgment interest, and attorneys fees and costs.

III. Motion to Dismiss Standard

The Court addresses the government's motion to dismiss under Fed. R. Civ. P. 12(b)(1), rather than the alternative motion for summary judgment, because the motion seeks dismissal based on lack of subject matter jurisdiction.[2]  On a motion to dismiss, the Court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006) (internal quotation omitted).  When resolving a jurisdictional question, the Court may consider materials outside the pleadings.  Hamm v. United States, 483 F.3d 135, 137 (2d Cir. 2007).  The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.  Id.

IV. Sovereign Immunity and the Federal Tort Claims Act

As sovereign, the United States is generally immune from suit.  See Coulthurst v. United States, 214 F.3d 106, 108 (2d Cir. 2000).  The United States may waive immunity and consent

---

[2]   Proper practice when the court lacks jurisdiction under the Federal Tort Claims Act is to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1).  See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

to be sued but its consent is to be strictly construed. <u>Diaz v. United States</u>, 517 F.3d 608, 611 (2d Cir. 2008). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, is a limited waiver of the United States' sovereign immunity allowing tort suits under specified circumstances. <u>Hamm</u>, 483 F.3d at 137 (internal citation omitted); <u>Adeleke v. United States</u>, 355 F.3d 144, 153 (2d Cir. 2004) (citation omitted) (noting the FTCA waiver "operates subject to numerous conditions, each of which must be satisfied for a court to exercise jurisdiction"). A complaint states a cause of action under the FTCA if it presents a claim:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

<u>Hamm</u>, 483 F.3d at 137 (citing <u>FDIC v. Meyer</u>, 510 U.S. 471, 477 (1994)); <u>see also</u> 28 U.S.C. § 1346(a). Additionally, 28 U.S.C. § 2675 requires a plaintiff to have first filed an administrative claim which was denied within six months of filing an FTCA suit in district court.

Plaintiff timely filed suit following denial of his administrative suit, Am. Compl. ¶ 5, but, assuming Plaintiff has adequately pled a claim under the FTCA, he may still be unable to

maintain a claim.  As a limited waiver of sovereign immunity, exceptions to the FTCA prevent federal courts from asserting subject matter jurisdiction over all negligence claims asserted against the United States.  <u>United States v. Orleans</u>, 425 U.S. 807, 813-14 (1976); <u>see also</u> <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941) ("[T]he terms of the [United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.").  Two such exceptions are the independent contractor exception and the discretionary function exception.

    A.   <u>The Discretionary Function Exception</u>

The discretionary function exception ("DFE"), 28 U.S.C. § 2680(a), provides the United States is not liable, <u>i.e.</u>, has not waived its sovereign immunity for, any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  The DFE limits the government's liability for its own tortious conduct and the burden of proof is on the plaintiff to allege facts establishing that the exception does not apply.  <u>See</u> <u>United States v. Gaubert</u>, 499 U.S. 315, 324-25 (1991).  The Supreme Court has established a two-part test to determine whether a claim is barred by the DFE:  (1) the acts alleged to be negligent must be discretionary, <u>i.e.</u>, the acts involve an "element of judgment or choice" and are not compelled

by statute or regulation, and (2) the exercise of that discretion, i.e., the judgment or choice in question, is grounded in "considerations of public policy" or is susceptible to policy analysis.  Coulthurst, 214 F.3d at 108-109 (citing Gaubert, 499 U.S. at 322-23 (1991) and Berkovitz v. United States, 486 U.S. 531, 536-37 (1988)).

Here, the GSA's decision to delegate responsibility for the repair and maintenance of the Federal Building elevators to ATCC, who subsequently subcontracted with ThyssenKrupp, was discretionary because it involved choice and judgment:  the GSA chose to delegate instead of retain the responsibility and the GSA used judgment in deciding to award the contract to ATCC.  The GSA would have weighed a number of factors, including, for example, cost and efficiency, in deciding to delegate and ultimately in awarding the contract to ATCC.  Plaintiff has pointed to no federal statute or regulation prohibiting the GSA from delegating responsibility for elevator maintenance.  The GSA's choice is at least susceptible to policy analysis because the safety of the public was at stake.  See, e.g., Williams v. United States, 50 F.3d 299, 310 (4th Cir. 1995) (noting the decision to hire an independent contractor is "precisely the type of decision that the [discretionary function] exception is designed to shield from liability").  Therefore, the DFE of the FTCA bars Plaintiff from maintaining a claim based on the GSA's

decision to delegate the responsibility for maintaining the elevators at the Federal Building; the United States has not waived its sovereign immunity from such claims.

B.   The Independent Contractor Exception

Plaintiff may not avoid the above result by asserting the United States had a nondelegable duty to ensure that the Federal Building was safe.  The FTCA allows suits against the United States based on the negligence of an employee; however, the FTCA specifically excludes independent contractors from the definition of employee.  28 U.S.C. § 2671.[3]  The independent contractor exception prohibits suits against the United States for the acts or omissions of its independent contractors.  Roditis v. United States, 122 F.3d 108, 111 (2d Cir. 1997).  To determine whether an employment relationship is one of employee or independent contractor, the government's ability to control the detailed physical performance of the actor, i.e., whether the government supervises day-to-day operations, is controlling.  Orleans, 425 U.S. at 815.  Reserving the limited right to inspect does not amount to day-to-day supervision.  Roditis, 122 F.3d at 111.

Further, Congress did not adopt the various state court exceptions to the independent contractor rule, United States v.

---

[3]   Section 2671 specifically provides that the term "Employee of the government" includes "officers or employees of any federal agency" and the term "Federal agency" does not include "any contractor with the United States."

Loque, 412 U.S. 521, 528 (1973), and state common law principles do not override the FTCA, Roditis, 122 F.3d at 111.  Accordingly, even where state law imposes a nondelegable duty, a plaintiff cannot recover under the FTCA based on that duty because state law cannot override the United States' sovereign immunity from suits for injuries caused by the torts of its independent contractors.  See Roditis, 122 F.3d at 111 (holding FTCA exemption of liability for independent contractors preempts state law where it imposes nondelegable duties); Williams, 50 F.3d at 308 (same).[4]  As one court noted, if plaintiffs "could predicate governmental liability upon [state] laws imposing nondelegable duties upon landowners . . . [plaintiffs] would subvert the express mandates of the FTCA that preclude making the government liable for acts of its independent contractors."  Rowell v. United States, No. 89-Civ-8418, 1992 WL 315653, at *2 (S.D.N.Y. Oct. 16, 1992) (rejecting a failure to supervise claim).  Therefore, the United States cannot be sued for the negligence of its independent contractor regardless of whether the negligence stems from a duty considered "nondelegable" under state law.  Roditis, 122 F.3d at 111.

---

[4]     The Williams court discusses its prior decision in Berkman v. United States, 957 F.2d 108 (4th Cir. 1992), in which it held that the FTCA's focus on the person whose conduct the plaintiff seeks to impute to the government "'necessarily forestalls any notion that the government becomes liable, itself, for a generalized breach of duty.'"  Williams, 50 F.3d at 308.

Plaintiff made no allegation that the GSA in any way controlled the day-to-day activities of ATCC or ThyssenKrupp, the entity Plaintiff alleged was responsible for the "maintenance and safe operation" of the elevators.  The GSA's contract with ATCC specifically provided that ATCC was to provide its own personnel, employed and supervised by ATCC, and that ATCC was responsible for the maintenance of the elevators, including providing its own labor, materials and equipment.  The GSA's building manager of the Federal Building as of February 10, 2003, stated that the "manner in which the Contractor performed the Contract requirements was left completely to the Contractor's discretion." Butt Decl. ¶ 6.  The building manager was responsible for assuring that the GSA received the services required under the contract and that those services were performed consistent with the contract.  The GSA's retention of the right to conduct tests or inspections to assure contract performance does not amount to supervision of day-to-day activities.  ATCC, and its subcontractor ThyssenKrupp, were independent contractors of the GSA because the GSA did not supervise or control their day-to-day activities.

Assuming Vermont law imposes a nondelegable duty on the government to ensure that the Federal Building was safe, Plaintiff cannot bring suit under the FTCA based on that duty because state law does not override the United States' sovereign immunity.  Further, Plaintiff made no specific allegation that an

employee or agent of the United States caused his injury, compelling the inference that his claims are predicated on the action or inaction of the independent contractor responsible for the "maintenance and safe operation of the elevators" at the time Plaintiff was injured.  Therefore, the independent contractor exception to the FTCA bars Plaintiff from maintaining a claim against the United States based on the alleged negligence of ATCC or ThyssenKrupp regardless of any state law nondelegable duty.

The above result is consistent with other courts' evaluations of similar claims under the FTCA stemming from elevator injuries and evaluating the applicability of the DFE or independent contractor exception, or both.  See, e.g., Diaz v. United States, 372 F. Supp. 2d 676 (D.P.R. 2005) (holding the independent contractor exception barred claims based on the contractors' negligence but the DFE did not bar a claim based on specific allegations that United States' employees failed to promptly report an elevator malfunction); Hostetler v. United States, 97 F. Supp. 2d 691 (E.D. Va. 2000) (holding the DFE barred claims based on the delegation of responsibility for maintenance and repair of elevators and the independent contractor exception barred claims based on negligence of the independent contractor regardless of any independent duty of the United States to ensure the safety of the elevators); Hall v. United States, 825 F. Supp. 427 (D.N.H. 1993) (holding the

independent contractor exception barred claims based on the elevator company's negligence because it was an independent contractor and a state law nondelegable duty did not affect the United States' sovereign immunity).

V.   Conclusion

For the reasons stated above, Plaintiff fails to carry his burden of establishing the court's jurisdiction under the FTCA. Both the DFE and independent contractor exceptions apply, therefore, the United States has not waived its sovereign immunity and this court is prohibited from considering the Plaintiff's negligence claim against the United States. Accordingly, Defendant's motion to dismiss the complaint (Paper 33) is GRANTED.  Defendant's alternative motion for summary judgment (Paper 34) is moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of August, 2008.

                                        /s/ J. Garvan Murtha
                                        J. Garvan Murtha
                                        United States District Judge